Whitaker, Judge,
delivered the opinion of the court:
This case is before us on defendant’s motion for reconsideration of our former order overruling the demurrer to plaintiff’s petition.
As stated in our former opinion, section 6 of the Act of March 3,1891, had reference only to prisoners “discharged”' from jail or prison. That Act provided that such prisoners should be furnished with suitable clothing and “$5.00 in money.” When Congress came to provide for the paroling of United States prisoners it made applicable to them the “usual gratuities” to which discharged prisoners were entitled, consisting of “clothing, transportation, and $5.00 in money.” When this Act was passed, Congress was evidently of the opinion that its former Act in 1891, giving certain gratuities to discharged prisoners, would not be applicable to prisoners paroled, unless expressly made so, since a paroled prisoner was not a prisoner discharged, but one that might be recalled to serve the rest of his sentence. So, when we came to consider the effect of the Act of July 3, 1926, 44 Stat. 901, c. 795 (Title 18, sec. 746, U. S. C. A.), giving “discharged” prisoners such suitable clothing and such sum of money, not to exceed $20.00, as might be authorized by the Attorney General, we held that, since no mention was made of paroled prisoners, it had application only to prisoners discharged and had no application to a paroled prisoner. The result, therefore, was that the Act of 1910 giving paroled prisoners $5.00 in money remained in full force and effect. We so held.
However, on the motion for reconsideration of our order overruling the demurrer the Attorney General for the first time supplies us with the legislative history back of the Act of 1926. From this it appears that Congress was undertaking in one Act to legislate fully on the subject of gratuities. The report from the Committee on the Judiciary (H. R. Report No. 1208, 69th Cong. 1st Sess.) stated:
This bill makes uniform the clothing allowance and cash gratuity to be furnished persons discharged from prison. At present the matter is covered by five separate statutes, which provide a cash gratuity ranging; from $5.00 to $20.00 * * *.
*439 This report indicates that it was, indeed, the intention of Congress to do away with the various provisions relating to gratuities and to embrace within one Act the entire law on the subject relating to both paroled and discharged prisoners. Of course a paroled prisoner is one “discharged from prison,” although not finally discharged of the sentence imposed upon him.
We are also told that the department charged with the administration of the Act has consistently applied the Act of 1926 not only to “discharged” prisoners, but also to paroled prisoners. This department, in other words, understood the Act of 1926, which spoke of “the discharge from any prison,” to have reference, among others, to paroled prisoners. This department, of course, is familiar with prison nomenclature, and if the Act is susceptible of the construction it places upon it, we ought to be slow to disturb it.
Upon further consideration, we think it is susceptible of this construction and we, therefore, hold that the Act of 1926 has application not only to discharged prisoners, but to paroled prisoners as well. If this be true, then a prisoner on his discharge or on his parole is entitled to such suitable clothing as may be authorized by the Attorney General and to an amount of money not in excess of $20.00.
This Act of 1926 entitled a prisoner only to such amount of money as might be authorized by the Attorney General. It entitled him to nothing as a matter of right. Hence, under it the plaintiff is not entitled to recover. Under the Acts of 1891 and 1910, it is true, plaintiff was entitled as of right to $5.00, but inasmuch as we are now of the opinion that the purpose of the 1926 Act was to incorporate in one Act all prior provisions relating to gratuities, we must hold that the Act of 1926 was intended as a substitute for prior Acts and so repealed the Acts of 1891 and 1910.
In Posadas v. National City Bank, 296 U. S. 497, the Supreme Court reiterated the rules governing repeals by implication and reviewed some of the former cases on the subject. In that case, on page 503, it was said:
* * * The cardinal rule is that repeals by implication are not favored. Where there are twb acts upon the same subject, effect should be given to both if pos *440 sible. There are two well-settled categories of repeals by implication — (1) where provisions in the two acts are in irreconcilable conflict, the later act to the extent of the conflict constitutes an implied repeal of the earlier one; and (2) if the later act covers the whole subject of the earlier one and is clearly intended as a substitute, it will operate similarly as a repeal of the earlier act. But, in either case, the intention of the legislature to repeal must be clear and manifest; otherwise, at least as a general thing, the later act is to be construed'as a continuation of, and not a substitute for, the first act and will continue to speak, so far as the two acts are the same, from the time of the first enactment.
cf. Eastern Extension Tel. Co. v. United, States, 231 U. S. 326.
The Committee Keport shows that this Act was plainly intended as a substitute for prior Acts on the subject. We must hold, therefore, that it repealed the former acts. Plaintiff, therefore, is entitled only to such benefits as are provided for in the Act of 1926, to wit, such benefits as may be authorized in the discretion of the Attorney General.
The result is that our former opinion and order overruling the demurrer must be withdrawn and set aside, and an order will now be entered sustaining the demurrer and dismissing plaintiff’s petition. It is so ordered.
MaddeN, Judge; and Littleton, Judge, concur.
Jones, Judge; and Whaley, Chief Justice, took no part in the decision of this case.